1
2
3
4
5
6                        UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                     * * *

9    DONALD DELONEY,                          Case No. 3:16-cv-00108-MMD-VPC

10                            Petitioner,                  ORDER

11         v.

     WICKHAM, et al.,
12
                             Respondents.
13

14          This *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is

15   before the Court on petitioner Donald Deloney's second and third motions for appointment

16   of counsel. (ECF Nos. 11, 20.) He also filed a motion to supplement the third motion for

17   counsel. (ECF No. 22.)

18          As the Court previously stated in this case, there is no constitutional right to

19   appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481

20   U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision

21   to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th

22   Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th

23   Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the

24   complexities of the case are such that denial of counsel would amount to a denial of due

25   process, and where the petitioner is a person of such limited education as to be incapable

26   of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v.*

27   *Bennett*, 423 F.2d 948 (8th Cir.1970). The court denied Deloney's first motion for

28   appointment  of  counsel because the petition appears sufficiently clear in presenting the

issues that he wishes to raise, and the legal issues are not particularly complex. Deloney now argues that Warm Springs Correctional Center does not provide physical access to the law library in order that he might consult case law and that the prison law clerks have little understanding of the law. Again, Deloney has fairly presented his claims and does not present new arguments here to persuade the Court that due process requires counsel in this case. Therefore, Deloney's motions for counsel are denied.

It is therefore ordered that the following motions filed by petitioner: motion to grant attorney (ECF No. 11); motion for appointment of counsel (ECF No. 20); motion to suspend case until motion for counsel is heard (ECF No. 21); and motion to amend motion for counsel (ECF No. 22) are all denied.

It is further ordered that respondents' motion for extension of time to file a responsive pleading (ECF No. 9) is granted *nunc pro tunc*.

It is further ordered that petitioner's motion to squash/not grant respondents' motion for extension of time (ECF No. 10) is denied.

It is further ordered that petitioner must file his opposition to the motion to dismiss, if any, within thirty (30) days of the date of this order.

DATED THIS 17th day of April 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE