UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| DONALD DELONEY, | Case No. 3:16-cv-00108-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| WICKHAM, et al., | |
| Respondents. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss petitioner Donald Deloney's *pro se* petition as untimely (ECF No. 13). Deloney opposed (ECF No. 26), and respondents replied (ECF No. 27). As discussed below, this petition must be dismissed as untimely.

## I. BACKGROUND

On November 26, 2012, Deloney pleaded guilty pursuant to a written plea agreement to robbery with a deadly weapon (exhibit 32).[1] The state district court sentenced Deloney to 72 to 180 months, with a consecutive term of 18 to 45 months for the deadly-weapon enhancement. (Exh. 37.) Judgment of conviction was entered on March 11, 2013. (Exh. 36.)

Deloney attempted to file a direct appeal, which the Nevada Supreme Court dismissed on June 13, 2013, for lack of jurisdiction because the notice of appeal was filed one day late. (Exh. 53.) The Nevada Supreme Court denied rehearing on September 25, 2013, and remittitur issued on October 24, 2013. (Exh. 59.)

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss (ECF No. 13) and are found at ECF Nos. 14-16, 18-19.

On January 29, 2014, Deloney filed a proper person state postconviction petition. (Exh. 60.) The parties stipulated that Deloney could raise all claims—including those he should have raised on direct appeal—in his state postconviction petition. (Exh. 70.) The state district court ultimately quashed the postconviction petition. (Exh. 74.) On July 14, 2015, the Nevada Supreme Court affirmed the state district court, and remittitur issued on August 10, 2015. (Exhs. 87, 88.)

Deloney dispatched his federal habeas petition for mailing about February 14, 2016 (ECF No. 1-1). Respondents have moved to dismiss the petition as time-barred (ECF No. 13).

## II. LEGAL STANDARD — STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996, and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

### III. DISCUSSION

Deloney alleges that his plea counsel rendered ineffective assistance, that his *Miranda* rights were violated, and that the state district court erred by not granting his state petition (ECF No. 7).

> Ground 1: Trial counsel provided ineffective assistance because he "failed to discuss the pre-sentence interview and how the pre-sentence report would be used at sentencing," failed to inform petitioner of his right to remain silent during the pre-sentence interview, and failed to attend the pre-sentence interview, which resulted in the imposition of "a more harsh [sic] sentence than the petitioner feel[s] he deserves." (*Id.* at 13-14, 22.)
>
> Ground 2: (a) Petitioner's Fifth Amendment right against self-incrimination and rights under *Miranda* were violated because he was not informed of his *Miranda* rights before his pre-sentence interview, and (b) trial counsel provided ineffective assistance because he failed to inform petitioner of his right to have counsel at his pre-sentence interview or remain silent during the interview. (*Id.* at 14-15, 17-18, 22-23.)
>
> Ground 3: The state district court erred by not granting petitioner's state petition because the state did not make an argument against petitioner's state petition. (*Id.* at 15-17.3.)
>
> Ground 4: Trial counsel provided ineffective assistance because he "failed to have his investigator/expert conduct an investigation of the case as to the identification of petitioner" "prior to the time petitioner entered his plea" by interviewing "the witnesses who had identified him as the man that was aired on local TV." (*Id.* at 19-20.)
>
> Ground 5: Trial counsel provided ineffective assistance because he "failed to secure an expert who could have reviewed the videotape which was used to identify the petitioner as the person alleged to have committed the crime," "prior to the appellant's plea being entered." (*Id.* at 20-21.)
>
> Ground 6: Trial counsel provided ineffective assistance because he failed to "inform petitioner that he could be sentenced to more than the minimum sentence" and that "the trial court could sentence him up to the maximum on each count." (*Id.* at 21.)
>
> Ground 7: Trial counsel provided ineffective assistance because he failed to object to the use of petitioner's juvenile records in the state's motion to increase bail." (*Id.* at 24.)

///

3

1 | Deloney's thirty (30) days to file a notice of appeal from his judgment of conviction
2 | with the Nevada Supreme Court expired on April 10, 2013. *See* NRAP 4(b)(1)(A); (Exh.
3 | 53). The AEDPA one-year statute of limitations thus began to run on April 10, 2013.
4 | Deloney filed a notice of appeal on April 11, 2013. (Exh. 40.) As noted earlier, on June
5 | 13, 2013, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction
6 | because it was untimely. (Exh. 53.) As no properly filed appeal was pending, no time is
7 | tolled between the time Deloney filed his untimely notice of appeal and the date the
8 | Nevada Supreme Court dismissed the appeal.

Next, Deloney filed a state postconviction habeas petition on January 29, 2014. (Exh. 60.) At that time, 294 days of the AEDPA limitations period had elapsed. The state postconviction petition was resolved on August 10, 2015, when remittitur issued. (Exh. 88.) The AEDPA one-year deadline expired 72 days later. However, Deloney took no action until 143 days later, on December 31, 2015, when he attempted to file a 28 U.S.C. § 2254 federal petition in state court. (Exh. 92.) Thus, the statute of limitations expired 72 days before the federal petition was filed in state court and 125 days before this court received a federal habeas petition about February 14, 2016. This federal petition is, therefore, time-barred, unless Deloney is entitled to equitable tolling of the AEDPA statute of limitations.

In his opposition, Deloney basically recounts the procedural history of his state case (ECF No. 26). He argues that the state district court deemed his notice of appeal timely in the course of his state postconviction proceedings. This misrepresents the record, which reflects only that the parties stipulated that Deloney could raise all claims that should have been raised on direct appeal, along with all other postconviction claims, in his state postconviction petition. Deloney has failed to demonstrate that his petition should not be dismissed as untimely.

Accordingly, respondents' motion to dismiss this petition as time-barred is granted. This petition is dismissed with prejudice.

///

4

## IV. CERTIFICATE OF APPEALABILITY

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of appealability (COA). Accordingly, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in dismissing Deloney's petition, the Court finds that none of those rulings meets the *Slack* standard. The Court therefore declines to issue a certificate of appealability.

It is therefore ordered that respondents' motion to dismiss the petition (ECF No. 13) is granted as set forth in this order. The petition is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied.

It is further ordered that respondents' motion to file exhibit 95 under seal (ECF No. 17) is granted.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 8th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE